ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| IRMA I. MORALES HERNÁNDEZ<br><br>Parte Recurrida<br><br>v.<br><br>AURORA B. BARALT GARRIGA, AURORA MARÍA JIMÉNEZ BARAL POR Sí Y EN REPRESENTACIÓN DE SU HIJA MENOR DE EDAD D.P.C.J., D.P.C.J. (MENOR) Y OTROS<br><br>Parte Peticionaria | KLCE202401396 | *Apelación - **se acoge como Certiorari**-* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV09495<br><br>Sala: 805<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de enero de 2025.

Compareció ante este Tribunal la parte peticionaria, la Sra. Aurora María Jiménez Baralt, por sí y en representación de su hija menor de edad D.P.C.J. (en adelante, la "señora Jiménez Baralt" o las "Peticionarias"), mediante un mal denominado recurso de apelación presentado el 26 de diciembre de 2024. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "el TPI"), el 2 de diciembre de 2024. A través del aludido dictamen, el TPI declaró "No Ha Lugar" la "**Moción Asumiendo Representación Legal**" interpuesta por la Lcda. Wanda Valentín Custodio (en adelante, la "Lcda. Valentín Custodio").

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y *revocamos* la *Orden* recurrida.

**I.**

El caso de autos se originó el 14 de octubre de 2024, con la presentación de una "**Demanda**" por parte de la Sra. Irma I. Morales

Hernández (en adelante, la "señora Morales Hernández" o la "Recurrida") en contra de las Peticionarias, la Sra. Aurora B. Baralt Garriga (en adelante, la "señora Baralt Garriga") y otros codemandados desconocidos, sobre daños y perjuicios. A través de la misma, alegó que el 22 de abril de 2024 viajaba como pasajera en un vehículo marca Kia Sportage del año 2013, conducido por su sobrino, el Sr. Luis A. Torres Ortiz (en adelante, el "señor Torres Ortiz"), cuando la menor D.P.C.J. no respetó el derecho de paso y realizó un viraje indebido e ilegal, lo que ocasionó una colisión entre la parte frontal del vehículo conducido por la menor D.P.C.J. y la parte lateral frontal izquierda del automóvil en el que ella se encontraba.

Sostuvo a su vez, que, como consecuencia de dicho impacto, el vehículo del señor Torres Ortiz impactó el automóvil marca BMW conducido por la Sra. Zaida M. Quiles Vega, quien se encontraba detenida esperando el cambio de luz del semáforo. De igual manera, expresó que, a raíz del referido accidente, sufrió múltiples lesiones, incluyendo quemaduras en el rostro y parte de su cuerpo debido a la explosión de las bolsas de aire el vehículo, así como daños emocionales. En virtud de lo anterior, le peticionó al TPI que declarara "Con Lugar" la "**Demanda**" y ordenara el pago de la suma de sesenta y cinco mil trescientos cuarenta y uno con ochenta y un centavos ($65,341.81), las costas y gastos del procedimiento y una suma razonable por concepto de honorarios de abogado.

Luego de presentarse evidencia del diligenciamiento de los emplazamientos, el 21 de noviembre de 2024, la Lcda. Valentín Custodio presentó una "**Moción Asumiendo Representación Legal**" mediante la cual le solicitó al Tribunal autorización para actuar en representación de las Peticionarias y la concesión de un término de treinta (30) días para formular alegación responsiva e invocar las defensas afirmativas pertinentes. En respuesta a ello, el 2 de diciembre de 2024, el TPI emitió una *Orden* en la

que declaró "No Ha Lugar" la referida petición, al amparo de las disposiciones de la Regla 63.2 (d) de las de Procedimiento Civil, *infra*.

Inconforme con dicha determinación, las Peticionarias presentaron el recurso que nos ocupa y le imputaron al foro primario la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO ACEPTAR A LA LCDA. WANDA VALENTÍN CUSTODIO COMO ABOGADA DE LA S[R]A. JIMÉNEZ BARALT AL AMPARO DE LA REGLA 63.2 (D) DE PROCEDIMIENTO CIVIL, A PESAR DE NO SER APLICABLE EN EL PRESENTE CASO.

El 26 de diciembre de 2024, emitimos *Resolución* mediante la cual le concedimos a la parte recurrida un término para mostrar causa por la cual no debíamos expedir y revocar el auto de *certiorari* ante nos. Ha transcurrido en exceso del plazo concedido sin que la parte recurrida presentara prórroga o escrito alguno ante este Tribunal.

En vista de lo anterior, procedemos a adjudicar los méritos del recurso ante nos sin el beneficio de su comparecencia.

## II.

### A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayón, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B**.

La Regla 63 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 63, regula el procedimiento correspondiente para la inhibición o recusación de un juez o jueza en casos civiles. De igual manera, establece las

circunstancias que los obligan a inhibirse, ya sea *motu proprio* o a solicitud de parte. En consecuencia, la Regla 63.3 de Procedimiento Civil presenta una lista taxativa de las razones que justifican tal inhibición. 32 LPRA Ap. V, R. 63.1

En línea con lo antes mencionado, la Regla 63.2 de Procedimiento Civil dispone el perfeccionamiento de la solicitud de inhibición o recusación, así como el procedimiento que se seguirá para su evaluación. 32 LPRA Ap. V, R. 63.2. En detalle, la mencionada Regla establece lo siguiente:

> (a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.
>
> (b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.
>
> (c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación.
> La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.
>
> **(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación**. 32 LPRA Ap. V, R. 63.2 (énfasis suplido).

En pocas palabras, el inciso (d) de la aludida Regla tiene como finalidad prevenir la práctica de manipular el sistema judicial, buscando deliberadamente que los jueces y juezas se inhiban de conocer un caso en particular. Esto es, prohíbe la designación de abogados en aquellas instancias donde se busca impedir que un determinado magistrado atienda la controversia. De esta manera, se pretende preservar la integridad y transparencia del sistema jurídico, evitando que se utilicen tácticas para alterar el curso natural de la administración de los Tribunales de Puerto Rico.

**III.**

En el presente caso, las Peticionarias nos solicitaron la revocación de la *Orden* emitida por el TPI en la que declaró "No Ha Lugar" la "**Moción Asumiendo Representación Legal**" interpuesta por la Lcda. Valentín Custodio. Como único señalamiento de error, la señora Jiménez Baralt sostiene que el foro *a quo* erró al no aceptar a la Lcda. Valentín Custodio como su abogada, a pesar de que la Regla 63.2 de Procedimiento Civil, *supra*, no es aplicable a la presente controversia.

Surge del expediente ante nuestra consideración que el 14 de octubre de 2024 la Recurrida presentó una "**Demanda**" en contra de la Peticionarias, entre otros codemandados, sobre daños y perjuicios relacionados con un accidente de tránsito. Tras evidenciarse el diligenciamiento del emplazamiento dirigido a las Peticionarias, el 21 de noviembre de 2024 la Lcda. Valentín Custodio presentó una "**Moción Asumiendo Representación Legal**" mediante la cual le solicitó al Tribunal permiso para ejercer la representación de las Peticionarias. Dicha solicitud fue declarada "No Ha Lugar".

No existe controversia sobre el hecho de que entre la jueza superior, Hon. María M. Cabrera Torres, y la Lcda. Valentín Custodio existe una relación de amistad que ha provocado la inhibición de dicha magistrada de los casos en que la compañera letrada ha comparecido en representación de alguna de las partes. Ahora bien, no podemos perder de perspectiva que el inciso (d) de la Regla 63.2 de Procedimiento Civil, *supra*, tiene como finalidad prevenir la práctica de manipular el sistema judicial, buscando **deliberadamente** que los jueces y juezas se inhiban de conocer en un caso en particular. Esto es, prohíbe la designación de abogados en aquellas instancias donde se busca impedir que un determinado magistrado atienda la controversia.

Del análisis de los autos electrónicos del Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TPI no se desprende que la comparecencia de la Lcda. Valentín Custodio, en representación de las Peticionarias se hubiera llevado a cabo con la intención deliberada de que la jueza Cabrera Torres se inhibiera de atender los asuntos planteados

en el caso. Simplemente, las Peticionarias fueron emplazadas y conforme al derecho que ostentan de escoger su representación legal, la Lcda. Valentín Custodio compareció en autos. De hecho, debemos hacer hincapié en que las Peticionarias no han comparecido al pleito por vía de otro representante legal que quizás hubiera denotado una conducta dirigida a provocar la inhibición de la distinguida juzgadora de instancia. La comparecencia de la letrada mediante la "**Moción Asumiendo Representación Legal**" fue la primera comparecencia de éstas al pleito.

En suma, ni de los autos de SUMAC ni del legajo apelativo ante nuestra consideración surge indicador alguno de que la comparecencia de la Lcda. Valentín Custodio se hizo con el ánimo de que la jueza Cabrera Torres no entendiera en los méritos del caso. Por tanto, no podemos validar la postura asumida por el TPI de denegar la aludida moción, al amparo de la Regla 63.2 (d) de Procedimiento Civil, *supra*. Resolver lo contrario implicaría socavar el derecho que ostenta toda parte en nuestra jurisdicción de escoger aquel abogado que, a su juicio, mejor representa sus intereses en un caso. Sobre todo, cuando el caso ante el TPI se encuentra en etapas tempranas del procedimiento.

Si la jueza Cabrera Torres entiende que para evitar cualquier duda sobre su imparcialidad para adjudicar las controversias planteadas o que pueda minar la confianza pública en el sistema de justicia debe inhibirse de entender en el caso, así lo debe hacer, y proceder a referir el caso a su sala pareja.

**IV**.

Por los fundamentos antes esbozados, *expedimos* el auto de *certiorari* y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones